IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD PIRTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:15-cv-1069 |
| v. | ) Senior Judge Haynes |
| | ) |
| DRAUGHONS JUNIOR COLLEGE, INC., | ) |
| d/b/a DAYMAR PROPERTIES OF | ) |
| NASHVILLE, LLC, and DAYMAR | ) |
| HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT ORDER No. 2

The jury trial in this action is set for **Tuesday, June 27, 2017 at 9:00 a.m.** before Judge Haynes. Counsel for the parties shall appear for a Pretrial Conference in this Court on **Monday, June 12, 2017 at 3:00 p.m.** in the United States Courthouse in Nashville, Tennessee, Courtroom A859. **All attorneys who will participate in the trial must appear in person at the final pretrial conference.**

Pursuant to Fed. R. Civ. P. 26(a)(3), except for evidence to be introduced solely for impeachment, the parties shall make the following disclosures at least thirty (30) days prior to the scheduled trial date:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions

of the deposition testimony together with an appropriate designation of the portions to be introduced; and

© an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those who which the party may offer if the need arises.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **Friday, June 2, 2017.** The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by **Friday, June 2, 2017**, the following:

(1) joint proposed jury instructions and verdict forms:

(2) Counsel shall exchange proposed jury instructions and verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed proposed jury instructions and verdict forms. Counsel shall separately file any disputed jury instruction or verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. **The parties shall submit a WordPerfect 7.0 compatible computer disk of the agreed proposed jury instructions and verdict forms with the hard copy; and**

(3) stipulations of facts.

By **Friday, May 19, 2017**, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **Friday, June 2,**

2017.

Expert witness disclosures shall be made in accordance with Fed.R.Civ.P. 26(a)(2) or as has been otherwise ordered by the Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure. The Court may exclude or strike the testimony of an expert witness, or order other sanctions provided by law, for violation of the expert witness disclosure requirements. There shall be no rebuttal expert witnesses absent leave of Court.

In addition, the parties shall file, on or before **Friday, June 2, 2017**, briefs on the following issues: (1) what type of damages are recoverable in this case (under federal and state law) and, for each, whether the Court or the jury determines the amount; (2) how front pay, if any, will be reduced to present value; (3) whether there is any "cap" on the amount of damages; and (4) whether the trial should be bifurcated regarding punitive damages.

Counsel shall be prepared, at the Final Pretrial Conference, to identify and discuss :

(1) undisputed facts and issues;

(2) expert testimony;

(3) motions in limine;

(4) proposed jury instructions and verdict forms;

(6) settlement prospects; and

(7) the necessity of pretrial briefs.

If this action is to be settled, the Law Clerk should be notified by noon, **Friday, June 23, 2017**.

If settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

The Court's staff is not authorized to entertain any telephonic requests for a continuance or excuse attendance or grant an extension of any deadlines in this Order or set by a Local Rule of Court. Such a request shall be considered only upon a motion made in open court or by a written motion of a party or joint motion of the parties.

It is so **ORDERED**.

ENTERED this the ___ day of December, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge